O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| RODNEY BUTLER, | ) | No. CV 10-8010-CAS(CW) |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION |
| | ) | FOR WRIT OF HABEAS CORPUS |
| v. | ) | (28 U.S.C. § 2241) |
| | ) | |
| LINDA SANDERS (Warden), | ) | |
| | ) | |
| Respondent, | ) | |
| _____ | ) | |

The pro se petitioner is a prisoner in federal custody in this district. His petition for writ of habeas corpus under 28 U.S.C. § 2241 was lodged on October 18, 2010, and filed on October 25, 2010. For reasons stated below, the petition is summarily dismissed.

A habeas petition under 28 U.S.C. § 2241 is subject to both the Rules Governing Section 2254 Cases in the United States District Courts ("28 foll. § 2254") and the Federal Rules of Civil Procedure. See 28 foll. § 2254, Rule 1 (rules apply to habeas petitions under § 2254 or, as appropriate, § 2241) and Rule 12 (Federal Rules of Civil Procedure apply to habeas actions if not inconsistent with governing statutes and rules).

A court need not order a return to a habeas petition if "it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the petition may be summarily dismissed. 28 foll. § 2254, Rule 4; see also Local Civil Rules (C.D. Cal.), L.R. 72-3.2 (When a habeas petition plainly does not merit relief, a magistrate judge "may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge."). Furthermore, a court must dismiss an action if, at any time, it determines that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

A federal district court has jurisdiction over a habeas petition in which the petitioner claims to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also Preiser v. Rodriguez, 411 U.S. 475, 483, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).

In Preiser, the Supreme Court further stated:

> It is clear, not only from the language of §§ 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody.

Preiser, 411 U.S. at 484. The Preiser Court found that the "core" or "heart" of habeas corpus is a challenge to the fact or duration of custody which seeks as relief immediate or speedier release from that custody. Preiser, 411 U.S. at 489, 498-500.

1    Here, although Petitioner is a prisoner in federal custody, he
2 does not challenge the fact or duration of that custody.  Instead, he
3 seeks to challenge an administrative action removing his common law
4 wife from the list of approved visitors.  Accordingly, whatever the
5 merits of Petitioner's claim, it does not fall within this court's
6 jurisdiction as an application for habeas corpus relief.
7    It is therefore **ORDERED** as follows:
8    1.   This action is **DISMISSED**, for lack of jurisdiction, without
9 prejudice to pursuing any other administrative or civil remedies which
10 may be available to Petitioner.
11   2.   Judgment shall be entered accordingly.
12   3.   Respondent's motion to dismiss (docket no. 4, filed November
13 23, 2010) is **MOOT**.
14   4.   The clerk shall serve this Order and the Judgment herein on
15 Petitioner.

17 DATE: December 2, 2010

                                       _____
                                          CHRISTINA A. SNYDER
                                       United States District Judge

21 Presented by:
22 Dated:  December 1, 2010

_____
   CARLA M. WOEHRLE
25 United States Magistrate Judge

3